# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donte J. Garrett,**
**Petitioner Below, Petitioner**

**FILED**

February 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0551** (Kanawha County 14-P-234)

**Marvin C. Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donte J. Garrett, pro se, appeals the order of the Circuit Court of Kanawha County, entered May 19, 2014, denying his petition for writ of habeas corpus. Respondent warden appears by counsel Laura Young.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, petitioner pled guilty to the first-degree murder of Wayne McCants, his mother's cohabiting boyfriend. After the plea hearing, petitioner moved to withdraw his plea, because "he wasn't happy with the plea being a first degree rather than a second degree." The circuit court denied petitioner's motion to withdraw the plea and thereafter sentenced him to incarceration for life, with mercy. In 2009, petitioner filed his first pro se petition for writ of habeas corpus in the circuit court, complaining (according to the order of the circuit court) that

> he received ineffective assistance of counsel insofar as his trial attorney allegedly failed to inform [p]etitioner of his right to dispute the State's evidence that [p]etitioner was competent to stand trial and insofar as his trial attorney allegedly failed to inform [p]etitioner of the potential of establishing a diminished capacity defense due to [p]etitioner's alleged failure to take his medication and use of alcohol at the time of the offense.

The circuit court, which also had acted as the trial court, had the benefit of at least three psychological examinations addressing petitioner's competency prior to sentencing. It summarily denied the petition without appointing counsel or conducting an omnibus hearing. Petitioner filed a petition for appeal with this Court, which refused the same by order entered on May 21, 2010.

1

In 2012, petitioner filed a second pro se petition for writ of habeas corpus, after which the circuit court appointed counsel, who filed an amended petition. Again, petitioner argued that his trial counsel did not effectively address the issue of his mental state and, again, the circuit court denied the petition without conducting an omnibus hearing. Petitioner appealed that denial to this Court, challenging the circuit court's ability to make a determination on his claims of ineffective assistance of counsel without the benefit of a hearing. By memorandum decision entered on June 10, 2013, this Court adopted the findings and conclusions of the circuit court and affirmed the circuit court's denial of the petition for habeas corpus. *Garrett v. Plumley*, No. 12-1133 (W.Va. Supreme Court, June 10, 2013)(memorandum decision).

Petitioner continues to attack his conviction, and he filed his third petition for writ of habeas corpus on May 7, 2014. The circuit court entered its order denying the requested relief less than two weeks later, on May 19, 2014, noting that it previously addressed petitioner's claims "with an extensive order going into great detail in regards to the psychological evaluations and reports and the ineffective assistance of counsel claims" and ultimately concluding that petitioner's claims were "frivolous." Petitioner appeals the denial of this third and most recent petition to this Court. On appeal, he asserts four assignments of error. First, he argues that his trial counsel was ineffective for failing to contact a psychiatrist (presumably Dr. Miller) who previously treated him to establish that he was not competent at the time of the crime or at the time he entered his plea. Second, he argues that his habeas counsel (appointed by the court when he filed his second petition for writ of habeas corpus) was ineffective for failing to contact his trial counsel to prove that he was not advised about a potential diminished capacity defense. Third, petitioner argues that his trial counsel was ineffective for failing to explain the elements of the crime—particularly, that of premeditation—to him prior to his entry of the plea. Finally, petitioner argues that he is in possession of new evidence warranting reversal of his conviction.

We consider petitioner's assignments of error in accordance with our prior holding directing that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Because this is petitioner's third habeas action, we also note that West Virginia Code § 53–4A–1 et seq.

> clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover.

Syl. Pt. 1, *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984). And, finally, we recognize that

2

[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

With regard to the first and second assignments of error, we find no error because the appendix record on appeal demonstrates that petitioner's mental state—both at the time of the murder and at the time he entered his plea—was thoroughly considered by the trial court, and the trial court's conclusion has been well-vetted in two prior habeas actions. In the order denying petitioner's second petition for writ of habeas corpus, the circuit court wrote, in findings ultimately adopted by this Court:

. . . Petitioner claims ineffective assistance of counsel in regards to [his] attorneys. . . . First, [p]etitioner alleges that he was never informed of Dr. Miller's evaluation diagnosing [petitioner] with intermittent explosive disorder. . . .

First, the evaluations and reports of both Dr. [David] Clayman, finished on August 29, 2005, and Dr. [Mark] Casdorph, finished on September 2, 2005, conclude that [p]etitioner was not suffering from any mental disease or defect which would have prohibited his ability to modify his behavior in accordance to the requirements of the law. Additionally, Dr. Miller's report was available [eight] months prior to when the plea offer was accepted.

Furthermore, in an evaluation to conclude if [p]etitioner was competent to accept the plea offer, Dr. Smith concluded that [p]etitioner understood the purpose of the plea and its consequences, and that [p]etitioner understood what would happen if he accepted or denied the offer.

Petitioner has challenged his conviction by putting his mental state in issue in three successive petitions for habeas corpus and, while he may have presented his argument with slightly different nuances each time, it is apparent that there is no evidence upon which this Court would determine that petitioner's constitutional rights were compromised. The evidence demonstrates that petitioner had "no mental disease or defect" that would have compromised his ability to modify his behavior at the time he shot Mr. McCants. The evidence further demonstrates that great care was taken by the trial court to ensure that petitioner was competent prior to the entry of his plea. We find no error in the circuit court's declining to, yet again, address petitioner's counsels' actions with respect to his competency at the time of the offense or at the time of the entry of the plea.

We turn to petitioner's third assignment of error, in which he argues that his trial counsel failed to inform him that premeditation was an element of the offense that the State would have to prove to secure a conviction of murder in the first degree. In its order denying the second

petition for writ of habeas corpus, the circuit court clearly found that "the record indicates that, throughout the proceeding, [the trial court] went to great lengths to make sure that [p]etitioner understood what he was doing and the rights he was giving up when he accepted his plea offer." Inasmuch as we adopted that finding in our prior order, and inasmuch as the appendix record on appeal demonstrates that petitioner's trial counsel affirmed at the plea hearing that he had discussed the elements of first-degree murder with petitioner, we find no merit in this argument. The circuit court did not abuse its discretion in declining to grant relief on this issue.

In his fourth assignment of error, in which petitioner argues that newly discovered evidence warrants reversal of his conviction, petitioner contends for the first time that police officers fabricated a statement from his sister (identified as "Germilla Garrett," a name that petitioner implies he does not recognize), dated June 20, 2005, in which Ms. Garrett stated that she saw petitioner shoot Wayne McCants six times after directing him to put petitioner's baby down. Petitioner argues that a letter written by his sister Franschesca Garrett in 2014 requires a new trial. That letter contains allegations of rumors that McCants molested petitioner's son, and generally states that petitioner is of good character. It does not, however, recant, refute, or otherwise even refer to the 2005 statement given by Germilla Garrett. Thus, we find that this is not "newly discovered evidence" that would have changed the outcome of petitioner's plea agreement and conviction, and the circuit court did not abuse its discretion in declining to grant habeas relief on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4